**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTINA ROBINS, on behalf of herself ) and all others similarly situated, ) <br><br> Plaintiff, ) <br><br> v. ) <br><br> LEMME INC., ) <br><br> Defendant. ) | Case No. 1:25-cv-01938 (MMG) <br><br> **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

AMIN WASSERMAN GURNANI, LLP
Cole Kroshus (*pro hac vice*)
William P. Cole (*pro hac vice pending*)
Matthew R. Orr (*pro hac vice pending*)
515 South Flower Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 933-2330
Facsimile: (312) 884-7352

Attorneys for Defendant Lemme Inc.

## I.     INTRODUCTION

California resident Christina Robins filed this putative class action challenging certain advertising of Lemme Inc.'s GLP-1 Daily dietary supplement. She asserts violations of New York General Business Law sections 349 and 350 (the "GBL claims"). For two reasons, the Complaint fails as a matter of law.

The GBL claims fail as a matter of law because Plaintiff does not allege that she was deceived while in New York. GBL sections 349 and 350 do not apply extraterritorially.

Plaintiff's claim for injunctive relief fails because she does not allege Article III standing to pursue it. She alleges only a past harm, not any threatened future injury.

## II.     PLAINTIFF'S ALLEGATIONS

Lemme markets the GLP-1 Daily dietary supplement (the "Product"). (Compl., Doc. 4, ¶ 8.)



1

Plaintiff is a resident of California. (*Id.* ¶ 26.) She alleges that she "first learned about Lemme GLP-1 Daily by watching an interview" with one of Lemme's cofounders on Facebook or Instagram. (*Id.* ¶ 26.) She alleges that, "[a]fter hearing the interview, [she] went to lemmelive.com in September 2024 and read the claims about Lemme GLP-1 Daily's effect on GLP-1 production and weight management." (*Id.*) "Based on Defendant's [allegedly] false advertising, Plaintiff purchased a subscription to Lemme GLP-1 Daily." (*Id.*) She alleges that, "[h]ad she known that Defendant had no clinical basis to claim any hunger or weight loss benefits from the supplement's claimed increase in naturally occurring GLP-1 levels, she would not have purchased Lemme GLP-1 Daily or would only have been willing to purchase the supplement at a reduced price." (*Id.*) She does not allege that she viewed the interview or the website while in New York, much less that she made her purchase while in New York.

She asserts two causes of action – the GBL §§ 349 and 350 claims.

## III.   PLEADING STANDARDS

The court must dismiss a claim if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. Rule 8 of the Federal Rules of Civil Procedure demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). The complaint must state sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility only if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

The court does not accept as true "legal conclusions," "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678. A "naked

assertion" devoid of "further factual enhancement" does not suffice. *Id.* (citation omitted).

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A facial attack on subject matter jurisdiction challenges the allegations of the complaint. To survive a Rule 12(b)(1) challenge, the complaint must allege facts that affirmatively and plausibly suggest that it has standing to sue. *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).

## IV.    ARGUMENT

### A.  Plaintiff Lacks Article III Standing to Pursue Injunctive Relief.

As standing is a "threshold question," Lemme addresses it first. *Ross v. Bank of America, N.A.,* 524 F.3d 217, 222 (2d Cir. 2008). The Court must dismiss Plaintiff's claim for injunctive relief because she does not allege Article III standing.

A plaintiff "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). To seek injunctive relief, the plaintiff must show that she is likely to suffer future injury from the defendant's conduct. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). In the class action context, that requirement must be satisfied by the named plaintiff. *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005); *McNair v. Synapse Group, Inc.*, 672 F.3d 213, 223 (3d Cir. 2012). "The prospective-orientation of the analysis is critical: to maintain an action for injunctive relief, a plaintiff 'cannot rely on past injury . . . but must show a likelihood that he . . . will be injured in the future.'" *Berni v. Barilla S.p.A.*, 964 F.3d 141, 147 (2d Cir. 2020) (citation omitted); *accord Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016). The threatened injury "must be *certainly impending* to constitute an injury in fact." *Am. C.L. Union v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015) (emphasis in original, quotation and

citation omitted). Injury that is merely conjectural or hypothetical is insufficient to confer Article III standing for injunctive relief. *Berni*, 964 F.3d at 147.

Plaintiff does not allege that she faces any risk of future injury, let alone any "certainly impending" injury. The Second Circuit has held that "past purchasers of a consumer product who claim to be deceived by that product's packaging . . . have, at most, alleged a past harm." *Berni*, 964 F.3d 147. They "are not likely" to encounter "future harm of the kind that makes injunctive relief appropriate." *Id.* "In the first place, past purchasers are not bound to purchase a product again—meaning that once they become aware they have been deceived, that will often be the last time they will buy that item." *Berni*, 964 F.3d at 147. "But even if they do purchase it again, there is no reason to believe that [past purchasers] will incur a harm anew," since "they will not again be under the illusion that" the product meets the standard they alleged was represented. *Id.* at 148. Rather, "next time they buy one of the [products], they will be doing so with exactly the same level of information they claim they were owed from the beginning." *Id.*

Courts in this Circuit routinely dismiss claims for injunctive relief in false advertising cases where, as here, the plaintiff is "aware of the very deception [she] challenges." *Binder v. Premium Brands Opco LLC*, No. 23-cv-03939, 2024 WL 2978506, at *4 (S.D.N.Y. June 11, 2024); *see also Gordon v. Target Corp.,* No. 20-CV-9589 (KMK), 2022 WL 836773, *9 n.3 (S.D.N.Y. Mar. 18, 2022) ("It should now be abundantly clear to Plaintiff's counsel that the Second Circuit has squarely foreclosed the possibility of injunctive relief for past purchasers and thus, that a claim for injunctive relief on behalf of a past purchaser is plainly frivolous."); *Valcarcel v. Ahold U.S.A., Inc.*, 577 F. Supp. 3d 268, 283-284 (S.D.N.Y. 2021); *Kennedy v. Mondelez Global LLC*, No. 19-cv-302-ENV-SJB, 2020 WL 4006197, *4-5 (E.D.N.Y. Jul. 10, 2020). Plaintiff alleges that Lemme's advertising of the Product is false and misleading and that, had she known, she would

not have purchased the Product. (*See* Compl., ¶¶ 11, 18, 26.) She alleges a past harm. She has not alleged any facts affirmatively and plausibly establishing standing to sue for injunctive relief. *See Amidax*, 671 F.3d at 145. Any claim for injunctive relief must be dismissed.

**B.  The GBL Claims Fail as a Matter of Law Because Plaintiff Does Not Allege She was Deceived in New York.**

"[T]here is a 'territorial' element to claims under sections 349 and 350." *Chung v. Igloo Products Corp.*, No. 20-CV-4926 (MKB), 2022 WL 2657350, at *8 (E.D.N.Y. July 8, 2022); *accord 4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 547 (S.D.N.Y. 2014). "[T]o qualify as a prohibited act under the statute, the deception of a consumer must occur in New York." *Goshen v. Mutual Life Ins. Co. of New York*, 98 N.Y.2d 314, 746 N.Y.S.2d 858, 864, 774 N.E.2d 1190, 1195 (2002); *accord Kaufman v. Sirius XM Radio, Inc.*, 474 Fed. Appx. 5, 8 (2d Cir. 2012) (affirming dismissal of GBL claim, observing that "Kaufman is not a 'consumer[] in this state' and plaintiffs do not allege any 'intrastate transaction' that caused him harm"); *4 K & D*, 2 F. Supp. 3d at 547. Absent that clear territorial limitation, the provisions could be applied "nationwide, if not global[ly]," which would induce a tidal wave of litigation against New York businesses and interfere with other states' abilities to "regulate their own markets and enforce their own consumer protection laws." *Goshen*, 746 N.Y.S.2d at 864, 774 N.E.2d at 1196.

It does not matter whether Lemme is headquartered in New York. The GBL's territoriality requirement "does not turn on the residency of the parties" and the statute "was not intended to police the out-of-state transactions of New York companies[.]" *Id.*; *accord Kaufman*, 474 Fed. Appx. at 8 (territoriality element turns on where the consumer received the information, not where it was generated); *Chiste v. Hotels.com*, 756 F. Supp. 2d 382, 403 (S.D.N.Y. 2010) (granting motion to dismiss GBL § 349 claim, explaining "Plaintiffs here made and paid for their hotel

reservations on the Internet from their respective home states", not while in New York).

The Complaint does not contain any factual allegations that Plaintiff was deceived in New York. The GBL claims each fail as a matter of law.

## V.    CONCLUSION

For the foregoing reasons, Lemme requests that the Court grant its motion to dismiss in its entirety.

Date: April 8, 2025                                Respectfully submitted,


*/s/ Cole Kroshus*_____
AMIN WASSERMAN GURNANI, LLP
Cole Kroshus *(pro hac vice)*
William P. Cole (*pro hac vice pending*)
Matthew R. Orr (*pro hac vice pending*)
515 South Flower Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 933-2330
Facsimile: (312) 884-7352

Attorneys for Defendant Lemme Inc.


### Local Civil Rule 7.1(c) Certificate

The undersigned certifies that this memorandum of law contains 1,549 words (not including the caption, signature blocks, or any required certifications.

*/s/ Cole Kroshus*_____
Attorney for Defendant Lemme Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


*/s/ Cole Kroshus*
Cole Kroshus


## SERVICE LIST
*Robins v. Lemme Inc.*
United States District Court, Southern District of New York
Civil Action No. 1:25-CV-01938-MMG


**WARREN TERZIAN LLP**
Thomas D. Warren
Dan Terzian
222 N Pacific Coast Hwy, Ste 2000
Los Angeles, CA 90245-5614
Telephone: (213) 410-2620
tom.warren@warrenterzian.com
dan.terzian@warrenterzian.com


*Counsel for Plaintiff*
*Via ECF*

7